## LaFontaine, Jr. v. Mitchell.

(Decided June 15, 1926.)

### Appeal from Franklin Circuit Court.

1. Contracts.—Whether settling of foundation was due to failure to leave sufficient supports as required by contract in excavating cellar, or to causes not contractor's fault, held question for jury.
2. Appeal and Error.—Mere majority of witnesses for appellant do not make verdict flagrantly against evidence.
3. Appeal and Error.—Verdict cannot be disturbed on appeal, unless flagrantly against weight of evidence.

JOHN D. CARROLL and JOHN S. CARROLL for appellant.

MORRIS & JONES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A question of fact only is presented by this appeal. Was the excavation of the cellar done according to the contract? Commenting upon this question, counsel for appellant says: "If so, the verdict is entirely correct; if not, the verdict is wrong," and proceeds to argue that the verdict is flagrantly against the weight of the evidence. Appellant, LaFontaine, Jr., entered into a verbal contract with appellee, Mitchell, whereby he engaged

Mitchell at the price of $1.10 per cubic yard to excavate a cellar under one room of appellant's residence on Ann street, in Frankfort. Both parties testified that the contract was in substance as follows: Mitchell was to excavate the cellar fifteen by sixteen feet, and seven feet deep, by digging down even with the stone foundation of the house to the bottom thereof, then stepping off level with the bottom of the foundation about one foot or eighteen inches from the wall inside and slope the excavation at an angle of about 45 degrees towards the center of the proposed basement so as to leave support for the foundation of the brick house built on stone foundation. The dispute is as to whether the work was done in the manner indicated by the contract. Appellant, plaintiff below, insists that the house was greatly damaged by a cave-in of the foundation, caused by the improper method employed in making the excavation for the basement. The evidence clearly shows that the foundation under the house gave away after the excavation was started, and the house settled, damaging it more or less. Whether that resulted from failure on the part of appellee, Mitchell, to leave sufficient support under the walls, or from water percolating through the soil, or from other causes not attributable to appellee, Mitchell, is the question. Appellant says that Mitchell failed to carry out his contract to make an off-set after digging down to the bottom of the stone foundation and by failing to slope the dirt from a point about one foot inside of the bottom of the foundation at an angle of 45 degrees towards the center of the proposed basement, and, contrary to the contract, cut the dirt straight down next to the inside of the foundation wall, thus taking away the lateral support and allowing the foundation to cave-in and the house to settle and damage. He and several witnesses, twelve or fifteen in number, testified that the work was not done according to contract, but, on the contrary, the dirt was dug out flush with the inside edge of the foundation and carried on down without leaving lateral support. Appellee, Mitchell, and the men who helped him do the work and several other persons testified that the excavation was made exactly as the contract required; that the dirt was taken out down with the foundation to the bottom of the wall, then a set-off of a foot or more was made on the inside and the dirt was then sloped off at an angle of 45 degrees towards the center of the basement, leaving plenty of lateral support for the wall, but that water was

allowed by appellant to accumulate in the basement while the work was going on, the sewer being stopped up, and the hydrant leaking; that after a part of the excavation had been made in accordance with the terms of the contract a very heavy rain came which soaked the ground with water and softened the ground under the foundation and caused the foundation to slip off and tumble into the basement, without fault on the part of appellee, Mitchell, or his workmen. Numerically, appellant had the decided advantage in witnesses, but as to positiveness the statement of the witnesses for appellee was at best as satisfactory and convincing as those of appellant, thus making a pure question of fact for the jury. No complaint whatever is made of the instructions given by the trial court to the jury. In fact, no other question is presented save that the verdict is flagrantly against the weight of the evidence.

It has often been written that a mere majority of witnesses for an appellant did not make the verdict flagrantly against the evidence. Old Colony T. & S. Bank v. Sherrill King M. & L. Company, 188 Ky. 177.

The question presented was peculiarly one for the jury; its verdict cannot be disturbed unless flagrantly against the weight of the evidence, and we do not so find it in this case.

Judgment affirmed.